IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CR-10-281-F |
| ) | |
| ALBERTO GOMEZ-GOMEZ, ) | |
| ) | |
| Defendant. ) | |

## ORDER

The court is in receipt of an undated and unsigned letter purportedly from defendant Alberto Gomez-Gomez. It appears defendant seeks to modify his sentence or requests counsel to assist him in obtaining modification of his sentence.

Initially, the court advises defendant that a request to the court must in the form of a motion. See, Rule 47, Fed. R. Crim. P. ("A party applying to the court for an order must do so by motion.") The court will not consider requests contained in a letter. If defendant wishes to submit a request for the court's consideration, he must submit a motion conforming to this court's Local Criminal Rules and the Federal Rules of Criminal Procedure. Defendant's *pro se* status does not exempt him from these requirements. See, Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992).

Additionally, the court advises defendant that, without an express grant of jurisdiction, the court lacks jurisdiction to modify defendant's sentence. See, United States v. Green, 405 F.3d 1180, 1184 (10th Cir. 2005). Congress has provided a source of jurisdiction in 18 U.S.C. § 3582(b), which permits modification or correction of sentences under the provisions of:

- 18 U.S.C. § 3582(c)
- Federal Rule of Criminal Procedure 35, and
- 18 U.S.C. § 3742.

Defendant does not identify or invoke any of these bases as a reason for modifying his sentence.

Further, the court advises defendant that he is not entitled to the appointment of counsel to assist him in filing a post-conviction motion.  *See*, Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) (right to appointed counsel extends to first appeal of right and no further); Coronado v. Ward, 517 F.3d 1212, 1218 (10th Cir. 2008) (no constitutional right to counsel beyond direct appeal of criminal conviction). While the court has discretion to appoint counsel, *see*, Engberg v. Wyoming, 265 F.3d 1109, 1122 (10th Cir. 2001), the court would not exercise such discretion under the circumstances discussed by defendant since his position lacks merit; it is not factually or legally complex; and defendant is able to adequately present his position.

DATED this 7th day of December, 2022.

*[signature]*
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

10-0281p108 (Gomez-Gomez).docx

2