# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. CR-10-281-001-F |
| | ) |
| ALBERTO GOMEZ-GOMEZ, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Defendant Alberto Gomez-Gomez, proceeding *pro se*, has filed a motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the United States Sentencing Guidelines and requesting the appointment of counsel.[1]  Doc. no. 654.  Plaintiff United States of America has responded in opposition to the motion.  Doc. no. 658.  The matter is at issue.

Pursuant to a plea agreement, defendant pleaded guilty to Count 1 and Count 42 of the Indictment.  Count 1 charged a conspiracy to possess with intent to distribute and to distribute methamphetamine in violation of 21 U.S.C. § 846, and Count 42 charged re-entry of a removed alien in violation of 8 U.S.C. § 1326(a).

The Probation Office prepared a second revised final presentence investigation report (doc. no. 460).  For Count 1, the Probation Office calculated defendant's base offense level at 38.  Defendant received a four-level enhancement under U.S.S.G. § 3B1.1(a) because he was a leader, organizer of a criminal activity

---

[1] Because defendant is proceeding *pro se*, the court construes his motion liberally, but it does not act as his advocate.  Yang v. Archuleta, 525 F.3d 925, 927 n. 1 (10th Cir. 2008).

that involved five or more participants, resulting in an adjusted offense level of 42. For Count 42, the Probation Office calculated defendant's base offense level at 8. Defendant received a 16-level enhancement because he was previously deported, or unlawfully remained in the United States, following a felony conviction for a drug trafficking offense for which the sentence imposed exceeded 13 months, resulting an adjusted offense level of 24.  After a multiple count adjustment, *see*, U.S.S.G. § 3D1.4, defendant's adjusted offense level for both Count 1 and Count 42 was 42. Because defendant did not receive any other adjustments, defendant's total offense level was 42.

Based on his criminal history, defendant was assessed a criminal history score of nine.  Because defendant committed his offense while under a criminal justice sentence, two additional points (status points) were added under U.S.S.G. § 4A1.1(d), for a total criminal history score of eleven.  A criminal history score of eleven established a criminal history category of V.  With a total offense level of 42 and a criminal history category of V, defendant's advisory guideline imprisonment range was 360 months to life.

At sentencing, the court adopted the final presentence investigation report without change.  The court then departed downward from the advisory guideline imprisonment range and sentenced defendant to a term of imprisonment of 240 months on each count, to be served concurrently.  Judgment was entered on September 10, 2013.  Defendant filed a direct appeal.  Upon motion by the government, the Tenth Circuit enforced the appeal waiver contained in the plea agreement and dismissed the appeal. Defendant filed a petition for writ of certiorari, which the Supreme Court denied.

In his motion, defendant requests that his sentence be reduced pursuant to Part A of Amendment 821, which became effective November 1, 2023 and has

retroactive application, because he was assessed two additional criminal history points (status points) for committing his offense while under a criminal justice sentence.

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Congress has provided a few exceptions to this rule. One such exception is "the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In such a case, the court "may" reduce a sentence if doing so would be consistent with the factors in 18 U.S.C. § 3553(a) and consistent with applicable policy statements of the Sentencing Commission. *Id*.

The court follows a two-step process in considering defendant's § 3582(c)(2) motion. *See*, United States v. Battle, 706 F.3d 1313, 1317 (10th Cir. 2013). The court first determines whether defendant is eligible for a sentence reduction and the extent of the authorized reduction. If the reduction is authorized, the court may consider any applicable 18 U.S.C. § 3553(a) factors and "determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*. (quotation marks and citation omitted).

Upon review of the parties' submissions and the Probation Office's Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 (doc. no. 656), the court finds that defendant is not eligible for a sentence reduction under Part A of Amendment 821.

Under Part A, a defendant's status points are decreased by one if he has seven or more criminal history points, and his status points are eliminated if he has six or fewer criminal history points. Applying Part A, defendant's status points would be

reduced by one, resulting in defendant having a total criminal history score of ten instead of eleven. With a total criminal history score of ten, defendant's criminal history category would remain at V, resulting in the same guideline imprisonment range of 360 months to life. Because application of Part A of Amendment 821 would not have the effect of lowering defendant's applicable guideline range, defendant is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). Defendant's motion will therefore be dismissed.

As part of his motion, defendant requests the appointment of counsel to assist him with obtaining a sentence reduction. However, the court finds defendant's request should be denied. As discussed, defendant is ineligible for a sentence reduction under Part A of Amendment 821. In addition, defendant has no right to appointment of counsel beyond his direct appeal from conviction. Specifically, "[n]o right to counsel extends to a § 3582(c)(2) motion." United States v. Campos, 630 Fed. Appx. 813, 816 (10th Cir. 2015) (unpublished decision cited and quoted as persuasive pursuant to 10th Cir. R. 32.1(A)).

Accordingly, defendant Alberto Gomez-Gomez's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (doc. no. 654) based on Part A to Amendment 821 of the United States Sentencing Guidelines is **DISMISSED**. Defendant's request for appointment of counsel (doc. no. 654) is **DENIED**.

IT IS SO ORDERED this 3rd day of July, 2024.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

10-0281p110 (Gomez-Gomez).docx